## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA
## AT MARTINSBURG

ELECTRONICALLY
FILED
Apr 28 2017
U.S. DISTRICT COURT
Northern District of WV

DOUGLAS S. JORDAN,

      Plaintiff,

vs.                                                            Civil Action No.   3:17-CV-50 (Groh)

SCOTT LEMON, individually,
CLIFF H. COBURN, JR., individually,
JOSH LEBO individually, and the
MORGAN COUNTY COMMISSION, a
political subdivision in the State of
West Virginia,

      Defendants.

### COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth and

Fourteenth Amendments to the United States Constitution, the West Virginia

Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq*,

and common law, arises out of the Defendants' use of excessive force on the Plaintiff on

or about May 1, 2015 in Morgan County, West Virginia, within the Northern District of

West Virginia.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

### PARTIES

1.     The Plaintiff was at all times relevant hereto a resident of Morgan County,

West Virginia, within the Northern District of West Virginia.

2.     Defendant Lemon was at all times relevant hereto a Sheriff's Deputy for

the Morgan County Sheriff's Department, which is under the Morgan County

Commission, and was at all times relevant hereto acting under the color of law and within the scope of his employment.  Said Defendant is named herein in his individual capacity.

3.     Defendant Coburn was at all times relevant hereto a Sheriff's Deputy for the Morgan County Sheriff's Department, which is under the Morgan County Commission, and was at all times relevant hereto acting under the color of law and within the scope of his employment.  Said Defendant is named herein in his individual capacity.

4.     Defendant Lebo was at all times relevant hereto a Sheriff's Deputy for the Morgan County Sheriff's Department, which is under the Morgan County Commission, and was at all times relevant hereto acting under the color of law and within the scope of his employment.  Said Defendant is named herein in his individual capacity.

5.     Defendant Morgan County Commission ("MCC") is a political subdivision of the State of West Virginia, and as such, is liable for the negligent conduct of its agents and employees, including the Sheriff, the Sheriff's Department, and the employees of the Sheriff's Department, so long as that conduct was carried out within the scope of their employment. *See* West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq.*

6.     The conduct alleged herein to have been committed by employees and/or agents of Defendant MCC are hereby alleged to have been committed by said agents and/or employees acting in the scope of their employment and authority.  The causes of action asserted herein against Defendant MCC refer to acts performed by agents and employees of said Defendant political subdivision, rather than the formulation and

implementation of policy related to how law enforcement and police protection are provided.

## FACTS

7.     Paragraphs 1 through 6 are hereby incorporated by reference as though fully restated herein.

8.     On or about May 1, 2015, the Plaintiff left his place of business and rode with his friend, Richard High, to the Troubadour Lounge located in Highland Ridge, Morgan County, West Virginia, within the Northern District of West Virginia.

9.     The Plaintiff left the Troubadour Lounge at approximately 9:15 p.m. after singing karaoke and drinking some alcohol.  He started back to his residence on foot.

10.    As the Plaintiff passed by a residence on his way home, a woman started yelling at him.  The Plaintiff stepped closer in order to hear what she was saying.  A verbal disagreement ensued wherein the woman threatened to shoot the Plaintiff.  The woman then fired two shots from her firearm.

11.    The Plaintiff left the woman's property and stopped at the Highland Ridge Methodist Church to rest on the front steps.

12.    Defendant Lemon arrived at the home of the alleged victim following a 911 call regarding the alleged trespassing of the Plaintiff onto the woman's property.  The woman admitted to firing her gun twice, and alleged that the Plaintiff had trespassed on her property and refused to leave.

13.    As Defendant Lemon proceeded in the direction Plaintiff walked, he found the Plaintiff on the steps of Highland Ridge Methodist Church.  Morgan County deputies Coburn and Lebo were on the scene as well.

14.     The Plaintiff asked "What did I do?"  Plaintiff indicated that he would be compliant.  However, suddenly and violently, Plaintiff was forcibly grabbed and hoisted up off of his feet by the defendant officers.

15.     The Plaintiff was thrown onto the pavement and subsequently began to feel knees and shoes on striking him on his back and neck.  Plaintiff was struck in the left eye area of his face and suffered severe trauma to his face.

16.     Plaintiff began bleeding profusely and was subsequently taken to War Memorial Hospital.

17.     War Memorial Hospital was unable to treat the level of trauma the Plaintiff suffered and they called Winchester Medical Center.  They were told that Winchester was also unable to tend to the plaintiff's level of trauma.

18.     The Plaintiff was then transported to the University Hospital in Morgantown.  He was fitted with a neck brace and treated for an injury to his left eye. He was instructed to see an eye specialist to determine the damage to his eye.  He was also instructed to return in two weeks to evaluate the injury to his neck.   At his followup visit, the Plaintiff was given a different neck brace and referred to the Spine Center for further evaluation.

19.     The Plaintiff continues treatment at a pain management center for neck and back pain.  He has been diagnosed with nerve damage to groin area.  He also suffers from seizures and has visual defects due to trauma to his eye on May 1, 2015.

**STATE LAW CLAIM**

COUNT ONE - NEGLIGENCE

20.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

21.     Defendants specifically owed Plaintiff a duty of reasonable care.  It was reasonably foreseeable to the Morgan County Commission that Plaintiff would be harmed as a result of Defendants' actions.

22.     Defendants, by and through Defendants Lemon, Coburn and Lebo, breached that duty as detailed above and incorporated herein, and furthermore by negligent supervision and training of the defendant police officers.  Specifically, three officers were present and participated in an excessive use of force against the Plaintiff. The officers were acting in accordance with their training and supervision.  There has furthermore been a failure to properly investigate incidents of force, and by extension, officers for use of excessive force.

23.     As a direct and proximate result of the Morgan County Commission's negligence, Plaintiff suffered harm, including personal injuries, extreme emotional distress, medical expenses, severe pain, and continues to suffer damages, and is entitled to recover damages for the same.


## FEDERAL CLAIMS

### COUNT TWO - EXCESSIVE FORCE UNDER 42 U.S.C. 1983

### VIOLATION OF THE FOURTH AMENDMENT

24.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

25.     The defendant police officers used excessive force against the Plaintiff by unnecessarily beating him and striking him as set forth above in detail.

26.     When the defendant police officers beat the Plaintiff as set forth above, no objectively reasonable officer could have perceived the Plaintiff as posing an immediate threat to the safety of the officer or others.

27.     Plaintiff was unarmed at the time he was beaten.  The officers had no reason to believe that he was armed.

28.     Plaintiff was not under arrest at the time the defendant officers began to beat him.  He had committed no crime, other than possibly misdemeanor trespassing and public intoxication - both extremely minor offenses.

29.     The defendant police officers' actions were objectively unreasonable, unlawful, unwarranted, and in violation of the Plaintiff's clearly established procedural and substantive rights, including the Fourth Amendment of the United States Constitution to be free from having an excessive amount of physical force used against him; namely, being beaten unnecessarily.

30.     The defendant police officers' actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's Fourth Amendment right to be free from excessive force.

31.     Plaintiff suffered harm, including personal injuries, extreme emotional distress, medical expenses, severe pain, and continues to suffer damages, and is entitled to recover damages for the same.

## COUNT TWO - BYSTANDER LIABILITY

32.     Plaintiff incorporates by reference all the previous paragraphs.

33.     The defendants were on duty as Morgan County deputies on May 1, 2015, and were present while they and their colleagues were using force against the Plaintiff.

34.     To the extent that the Plaintiff doesn't recall which officer performed which specific act of violence against him, he alleges bystander liability for each of the three officers for all acts of violence, even those not committed directly by that officer.

35.     It would be readily apparent to any objectively reasonable officer that the beating and physical abuse perpetrated against the Plaintiff, as alleged herein in detail, would violate the Fourth Amendment rights of that detainee, the Plaintiff, to be free from the infliction of excessive force.

36.     The defendants' actions as alleged herein were under color of law, objectively unreasonable, willful, wanton, intentional and done with a callous and reckless disregard for the Plaintiff's Fourteenth Amendment rights to be free from excessive force.

37.     The Plaintiff suffered harm and is entitled to recover damages for the same.

## **PRAYER**

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1.     Damages against the Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

a.     Past, present and future medical expenses;

b.     Past, present and future pain and suffering;

c.     Loss of enjoyment of life;

d.      Psychological and emotional distress;

e.      Any other compensatory damages to be proven at trial;

f.      Punitive damages against the individual Defendants in an amount to be

determined at trial;

g.      Reasonable attorney fees and costs;

h.      Any other relief that this Court deems is just and fair;

i.      All other damages provided by law;

j.      Injunctive relief requiring appropriate training, supervision and discipline in

order to remedy all constitutional deprivations which the Plaintiff suffered;

k.      Declaratory judgment relief establishing the Defendants' above-described

conduct violates the Plaintiff's clearly established constitutional rights.

**PLAINTIFF DEMANDS A TRIAL BY JURY**


                              DOUGLAS S. JORDAN
                              By Counsel


/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

for the Plaintiff